IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VONDELLA JONES,**<br><br>　　　　　　　**Plaintiff,**<br>　　　　-v-<br><br>**TRANSUNION, LLC, and., EQUIFAX INFORMATION SERVICES, LLC,**<br><br>**Defendants.** | Civil Case Number: 20-1996<br><br>CIVIL ACTION<br><br>COMPLAINT |

## INTRODUCTION

1. Plaintiff, VONDELLA JONES, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging that Defendants TransUnion, LLC (TransUnion), and Equifax Information Services, LLC (Equifax) for negligently and recklessly disseminated false information regarding the Plaintiff's credit.

2. Plaintiff further alleges TransUnion and Equifax failed to follow reasonable procedures to ensure maximum accuracy of credit reports they prepared concerning Plaintiff and failed to investigate credit report inaccuracies in response to Plaintiff's disputes.

3. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

4. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. All defendants regularly conduct business within the state of Pennsylvania and violated Plaintiffs rights under the FCRA in the state of Pennsylvania as alleged more fully below.

5. Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendants conducts business in this district, and communications giving rise to

this action occurred in this district.

## PARTIES

6. Plaintiff, Vondella Jones ("Plaintiff"), is a resident of Beaver County in the State of Pennsylvania and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Defendant TransUnion, LLC is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

8. TransUnion, LLC is a limited liability company with its principal place of business located at 555 West Adams Street, Chicago, IL 60661.

9. Defendant Equifax Information Services, LLC is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

10. Equifax's principal place of business is 1550 Peach Tree Street, N.W., Atlanta, GA 30309.

## FACTUAL ALLEGATIONS

11. In or around June of 2020, Plaintiff noticed that Defendants were both reporting a US Department of Education tradeline on her credit report with a zero balance and a 120-day late status.

12. Plaintiff realizing the inherent contradiction of being marked late while no balance existed sent a dispute letter on or around June 09, 2020 directly to Defendants Transunion and Equifax. In her dispute letter Plaintiff noted the inconsistency, requested that an investigation be conducted, and that the inaccurate information be updated.

13. Upon receipt of the dispute letters, the credit bureaus notified the Furnisher of Plaintiff's dispute.

14. Instead of conducting a reasonable investigation, the Defendants verified the accounts as accurate and have continued to report the negative information, causing the Plaintiff harm.

15. At all times pertinent hereto, Equifax and Transunion's conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

<u>**COUNT I**</u>
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i**
**AGAINST EQUIFAX AND TRANSUNION**

16. All preceding paragraphs are realleged.

17. At all times pertinent hereto, Transunion was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

18. At all times pertinent hereto, Equifax was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

19. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

20. Plaintiff initiated disputes with Experian, Equifax and Transunion requesting that they correct a specific item in her credit file that is patently inaccurate and damaging to her.

21. Experian, after either conducting no investigation or failing to conduct a reasonable investigation, verified the inaccurate item on her credit file, something that any basic investigation would have prevented.

22. Transunion, after either conducting no investigation or failing to conduct a reasonable investigation, verified the inaccurate item on her credit file, something that any basic investigation would have prevented.

23. Equifax, after either conducting no investigation or failing to conduct a reasonable investigation, verified the inaccurate item on her credit file, something that any basic investigation would have prevented.

24. As a direct and proximate result of Defendant Experian's and Transunion's and Equifax's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT II
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15 U.S.C. § 1681e(b)
## AGAINST EQUIFAX, and TRANSUNION

25. All preceding paragraphs are realleged.

26. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum

possible accuracy of the information concerning the individual about whom the report relates."

27. Were Transunion to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff; it would have removed the inaccurate information being reported on the Plaintiff's credit report.

28. Were Equifax to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff; it would have removed the inaccurate information being reported on the Plaintiff's credit report.

29. As a direct and proximate result of their willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demand judgment against Defendants as follows:

A. Awarding Plaintiff actual damages;

B. Awarding Plaintiff statutory damages;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E. Awarding pre-judgment interest and post-judgment interest;

F. A declaration that Defendant's conduct alleged herein is unlawful, as set forth more fully above;

G. Equitable relief, enjoining Defendant from engaging in the unjust and unlawful conduct alleged herein; and

H. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: December 23, 2020

                    */s/ Ari Marcus*_____
                    Ari Marcus, Esq.
                    MARCUS & ZELMAN, LLC
                    701 Cookman Avenue, Suite 300
                    Asbury Park, New Jersey 07712
                    (732) 695-3282 telephone
                    (732) 298-6256 facsimile
                    *Attorney for Plaintiff*